UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHN C. HAYNES,                     :
                                    :
        Petitioner,                 :   Civ. No. 19-5008 (NLH)
                                    :
    v.                              :   MEMORANDUM AND ORDER
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____ :

IT APPEARING THAT:

1. Petitioner is an inmate currently confined at the Federal Correctional Institution in Ray Brook, New York, and has filed a motion to correct, vacate, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 1.

2. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. § 2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

Loc. Civ. R. 81.2(a). It appears that Petitioner did not submit his Petition on the District's required form.

2. Specifically, the Petition fails to include the certification on page 17 of the District's form, which requires Petitioner to acknowledge that he must include all the grounds for relief from the conviction or sentence in this Petition and if he fails to set forth all the grounds, he may be barred from

presenting additional grounds at a later date.  This language and certification are required by *United States v Miller*, 197 F.3d 644 (3d Cir. 1999).

    IT IS THEREFORE on this   14th   day of August, 2019,

    ORDERED that the Clerk of the Court shall forward Petitioner a blank § 2255 form—AO 243 (modified): DNJ-Habeas-004(Rev.01-2014), for use by Petitioner; and it is further

    ORDERED this matter shall be ADMINISTRATIVELY TERMINATED[1]; and it is further

    ORDERED that, if Petitioner wishes to re-open this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to Clerk of the Court, at Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101; Petitioner's writing shall include an amended petition which includes a completed

---

[1] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs ….").

page 17 certifying that the amended petition must include all claims; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.


|                        | s/ Noel L. Hillman         |
| At Camden, New Jersey  | NOEL L. HILLMAN, U.S.D.J.  |