```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                                   :
JOHN C. HAYNES,                    :
                                   :
         Petitioner,               :   Civ. No. 19-5008 (NLH)
                                   :
    v.                             :   OPINION
                                   :
UNITED STATES OF AMERICA,          :
                                   :
         Respondent.               :
_____:
```

APPEARANCES:

John C. Haynes
71371-050
Ray Brook
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 900
Ray Brook, NY 12977
    *Petitioner Pro se*

Rachael A. Honig, Acting United States Attorney
Diana V. Carrig, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
4th Floor
Camden, NJ 08101
    *Counsel for Respondent*

HILLMAN, District Judge

    John C. Haynes ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 4. Respondent United States opposes the motion. ECF

No. 16.[1] For the reasons that follow, the Court will deny the § 2255 motion. No certificate of appealability will issue.

I. BACKGROUND

On February 7, 2018, Petitioner was indicted for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). United States v. Haynes, No. 18-cr-0058 (D.N.J. Feb. 7, 2018) (ECF No. 1). The indictment alleged that the 9mm Ruger P95 semi-automatic pistol had an obliterated serial number. Id.

Petitioner pled guilty on June 13, 2018. Id. (ECF No. 18). He appeared before the Honorable Jerome B. Simandle, D.N.J. for sentencing on November 2, 2018. Id. (Nov. 2, 2108) (ECF No. 21). Judge Simandle sentenced Petitioner to 100 months imprisonment with a three-year period of supervised release. Id. (ECF No. 22). Petitioner did not file a direct appeal.

On February 7, 2019, Petitioner filed a motion to correct, vacate, or set aside his guilty plea. ECF No. 1. The Court administratively terminated the case as Petitioner did not file his motion on the form issued by the Clerk's Office, ECF No. 3,[2] and reopened the case when Petitioner submitted his amended

---

[1] The United States filed its response under seal. The Court will unseal the answer and exhibits, with the exception of the sentencing brief filed at Docket No. 16-6 as they are generally not filed on the public docket. See Local Civ. R. 11(b)(4).

[2] The matter was reassigned to the undersigned on August 7, 2019. ECF No. 2.

2

motion, ECF No. 4.  The Court issued a notice under United States v. Miller, 197 F.3d 644 (3d Cir. 1999) informing Petitioner of his rights and the limitations on filing a second or successive § 2255 motion.  ECF No. 5.  Petitioner elected to have his motion ruled on as filed, ECF No. 6, and the Court ordered Respondent to answer, ECF No. 7.

Petitioner raises two grounds for relief under § 2255: (1) trial counsel provided ineffective assistance due to his failure to object to the enhancement for the obliterated serial number at sentencing; and (2) trial counsel provided ineffective assistance for failing to file a motion to suppress the gun as being obtained in violation of the Fourth Amendment.

II.  STANDARD OF REVIEW

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under Strickland v. Washington, a claim of ineffective assistance of counsel requires a petitioner to show that (1) defense counsel's performance was deficient and (2) the deficiency actually prejudiced the petitioner.  466 U.S. 668, 687 (1984).  The first Strickland prong is satisfied if defense

3

counsel made errors that were serious enough such that counsel was not functioning as the "counsel" that the Sixth Amendment guarantees. Id. This is a high standard, especially given the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). A court must be "highly deferential" to a defense counsel's decisions and should not "second-guess counsel's assistance after conviction." Strickland, 466 U.S. at 689; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996).

For the second Strickland prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

III. DISCUSSION

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to

relief; therefore, the Court will not conduct an evidentiary hearing.

A.   <u>Failure to file a motion to suppress</u>

Petitioner argues his trial counsel provided ineffective assistance of counsel when trial counsel did not file a motion to suppress the seizure of the gun.  "Petitioner claims that on the face of the record no evidence was produced by the government that shows probable cause existed for the government to search and seize Petitioner's person."  ECF No. 4 at 5.  Petitioner has not satisfied either prong of <u>Strickland</u>.

Petitioner does not provide a statement of facts regarding his arrest; therefore, the Court adopts the facts as stated in his arrest report.  On December 6, 2017, Camden County Police Department Detective Fesi received a tip that a man was standing "at the corner of Mount Ephraim and Morton Street wearing a green jacket standing near a gold in color Ford Fusion in possession of a handgun."  ECF No. 16-2 at 1.  Detective Fesi surveilled the location and observed a man, later identified as Petitioner, "wearing a tan and green jacket standing on Mount Ephraim Avenue directly next to a Gold Ford Fusion . . . ."  <u>Id.</u>  Detective Fesi "observed a large abnormal bulge" in Petitioner's waistband and radioed other detectives with Petitioner's description.  <u>Id.</u> at 1-2.

5

As the detectives approached Petitioner and identified themselves as police officers, "Haynes immediately grabbed the large bulge in the front of his waist band took a step backwards and was looking back and forth looking for an avenue of escape. Haynes began to run toward Lowell Street while grabbing his waistband." Id. at 2. The detectives

> gave chase while giving commands announcing ourselves as police and to stop running. Haynes ran on Lowell Street towards Warsaw while continuously grabbing at his waistband. Haynes then reached into his waistband and pulled out a black semi-automatic handgun and threw it over a fence on Lowell Street. Haynes then immediately dropped to the ground and [Detective Fesi] placed him in handcuffs.

Id. Another detective climbed the fence and stood by the weapon until it could be properly recovered. Id. See also ECF Nos. 16-11, 16-12.

The Fourth Amendment prohibits unreasonable searches and seizures by law enforcement officers. U.S. Const. amend. IV. Evidence obtained in violation of the Fourth Amendment must be suppressed as fruit of the poisonous tree. "A person is seized by the police and thus entitled to challenge the government's actions under the Fourth Amendment when the officer, by means of physical force or show of authority terminates or restrains his freedom of movement." Brendlin v. California, 551 U.S. 249, 254 (2007) (internal quotations and citations omitted). Petitioner makes no argument as to why the motion to suppress would have

6

been granted other than stating there was no "probable cause" for his seizure. ECF No. 4 at 5. He cites no cases and provides no facts to support his assertion.

Under the facts provided to the Court, Detective Fesi received information that an individual wearing a green jacket and standing by a gold Ford Fusion on Mount Ephraim and Morton Streets had a firearm. Upon responding to that location, Detective Fesi observed Petitioner wearing a green and tan jacket and standing by a gold Ford Fusion. ECF No. 16-2 at 1. Detective Fesi "observed a large abnormal bulge" in Petitioner's waistband. Id.

"An arrest requires either physical force . . . or, where that is absent, submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626 (1991). "[T]he concept of physical force necessary for a 'seizure' does not consist merely of the show of authority, but, rather, requires the application of force or 'laying on of hands.'" United States v. Waterman, 569 F.3d 144, 145 (3d Cir. 2009) (citing Hodari D., 499 U.S. at 626) (footnote omitted). Here, Detective Fesi and the other detectives made a show of authority when they approached Petitioner, identified themselves as police officers, and asked Petitioner to show his hands. ECF No. 16-2 at 2.

However, Petitioner did not comply with the show of authority and fled the scene. Id. "[T]here is no seizure

7

without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned." Brendlin, 551 U.S. at 254; see also United States v. Johnson, 432 F. App'x 118, 120 (3d Cir. 2011) ("A suspect submits to an assertion of authority when he manifests compliance with police orders." (internal quotation marks omitted)). The Fourth Amendment does "not remotely apply . . . to the prospect of a policeman yelling 'Stop, in the name of the law!' at a fleeing form that continues to flee. That is no seizure." Hodari D., 499 U.S. at 626. At this point in time, Petitioner was not seized within the meaning of the Fourth Amendment.

Petitioner subsequently threw the weapon over a fence during the chase. ECF No. 16-2 at 2. "When property is voluntarily abandoned before a seizure and retrieved by the police, it has been lawfully recovered and there can be no claim that it was the subject of an unconstitutional seizure." Johnson, 432 F. App'x at 120. Petitioner's "voluntary decision to abandon the pistol was not the product of a Fourth Amendment violation and, therefore, was not fruit of the poisonous tree." Id. at 121; accord United States v. Hester, 161 F. Supp. 3d 338, 343 (D.N.J. 2016).

Petitioner was not "seized" within the meaning of the Fourth Amendment when he fled police and abandoned the weapon by throwing it over the fence; he was not seized until he knelt and

8

was handcuffed. Therefore, police did not violate the Fourth Amendment by retrieving the weapon that was abandoned prior to Petitioner being seized. Had trial counsel filed a motion to suppress on these facts, it would have failed. Therefore, trial counsel neither erred nor was Petitioner prejudiced by the failure to file such a motion. This claim will be denied.

B. Failure to object to sentencing enhancement

Petitioner further argues trial counsel was ineffective by failing to object to the sentencing enhancement for possessing a firearm with an obliterated serial number. "During the sentencing process the PSR and the Court concluded that because the gun serial number was obliterated a 4 point enhancement was required. However a report produced by the Department of Justice, 2 months previous to Petitioner being indicted shows:" that the Department of Justice was able to recover the serial number. ECF No. 4 at 4; see also ECF No. 4-1 at 1. Petitioner concedes that trial counsel objected to the enhancement in his sentencing brief but argues it was ineffective assistance to not raise the objection at sentencing. ECF No. 4 at 4.

The Sentencing Guidelines provide a 4-level enhancement if a firearm had an altered or obliterated serial number. U.S.S.G. § 2K2.1(b)(4). Petitioner stipulated to the application of this enhancement in his plea agreement: "Specific Offense Characteristic (b)(4)(B) applies because the serial number on

9

the firearm was obliterated.  This Specific Offense Characteristic results in an increase of 4 levels."  Plea Agreement, United States v. Haynes, No. 18-cr-0058 (D.N.J. June 13, 2018) (ECF No. 17).  When Petitioner signed the plea agreement, he essentially agreed with that stipulation.  Petitioner would have been in violation of his plea agreement had counsel objected to the enhancement at sentencing.

In any event, Petitioner has not shown that he was prejudiced because there is not a reasonable probability that Judge Simandle would have agreed and rejected the enhancement.  Petitioner argues that the enhancement should not apply because the Department of Justice was able to recover the serial number, but that does not change the fact that the serial number was obliterated at the time of Petitioner's arrest.  See ECF Nos. 16-11, 16-12, 16-13.

There is no legal support for Petitioner's assertion that the enhancement cannot be applied in instances when the United States has been able to recover an altered or obliterated serial number.  Courts have upheld the application of the enhancement when defendant allegedly had no knowledge of an obliterated serial number, United States v. Grimes, 825 F.3d 899, 903 (8th Cir. 2016) ("[K]nowledge of the obliterated serial number is not required."); the serial number was obliterated in one place but not another, United States v. Serrano-Mercado, 784 F.3d 838, 850

10

(1st Cir. 2015) ("The guideline's text does not require that all of the gun's serial numbers be so affected." (emphasis omitted)); and when only some characters of the serial number were defaced, United States v. St. Hilaire, 960 F.3d 61, 65 (2d Cir. 2020) ("The Enhancement applies if a single iteration of a gun's serial number has been altered or obliterated notwithstanding that another is perfectly legible."), cert. denied, No. 20-6412, 2021 WL 78442 (U.S. Jan. 11, 2021).  "The sentencing guidelines are to govern the practical world, not the world of metaphysical certainty.  What matters is what is 'perceptible,' not what can be discerned by sophisticated scientific techniques."  United States v. Justice, 679 F.3d 1251, 1254 (10th Cir. 2012)(affirming application of enhancement when serial number was recovered via chemical processes).  Given the relevant case law, there is no reasonable probability that Judge Simandle would have declined to apply the enhancement had trial counsel raised the issue at sentencing.  Therefore, Petitioner has failed to state a Strickland claim of ineffective assistance.

C.     Failure to inform Petitioner of United States' response to motion

Petitioner attempts to add a new claim in his reply papers of ineffective assistance of counsel based on trial counsel's alleged failure to inform Petitioner of the United States'

11

response to the pretrial motions.  ECF No. 19 at 5.  However, a party "may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief."  See, e.g., Judge v. United States, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (declining to consider ineffective assistance of counsel claims as to two additional witnesses raised for the first time in a reply brief).  "Furthermore, the prohibition is especially applicable in situations where a petitioner was advised, and certified that he is aware, that he was required to raise all of his claims in a single habeas motion."  George v. United States, No. 17-2641, 2020 WL 2731166, at *5 (D.N.J. May 26, 2020) (internal quotation marks omitted).

    Moreover, this claim would fail on its merits.  Petitioner states "Petitioner's counsel's only reasoning for drawing up pre-trial motions were so they can prepare for a trial.  Upon the government threatening to superceed [sic] Haynes with a separate charge for having an obliterated serial number, counsel mislead Haynes to accept the plea."  ECF No. 19 at 5.  "If Petitioner knew that the government gave an actual response to motions . . . Petitioner would have not accepted and/or signed the plea agreement without at least hearing the government's response."  Id.

    To establish prejudice in the context of a plea, Petitioner must demonstrate that he would have proceeded to trial instead

of pleading guilty.  Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner does not make this showing.  At most, he alleges that he would have delayed signing the plea agreement until he read the response to the pre-trial motions: "Petitioner is stating, on the record, had he known there was a response to pretrial motions Petitioner would have at least heard the response . . . ."  ECF No. 19 at 7.  This is not the required showing of prejudice in an ineffective assistance of counsel claim.

III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court will deny a certificate of appealability because jurists of reason would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.

IV. CONCLUSION

The motion to correct, vacate, or set aside Petitioner's federal conviction will be denied.  No certificate of appealability will issue.  An appropriate order will be entered.


Dated: January 25, 2021              s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.